**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL FRIES,<br><br>    Petitioner,<br><br>    v.<br><br>SUPERIOR COURT OF KERN COUNTY, et al.,<br><br>    Respondents. | Case No.: 1:20-cv-01517-JLT (HC)<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION<br><br>[THIRTY-DAY OBJECTION DEADLINE] |

On October 28, 2020, Petitioner filed what appears to be a petition for writ of mandamus pursuant to 28 U.S.C. § 1361. For the following reasons, the Court will recommend it be DISMISSED for lack of jurisdiction.

**DISCUSSION**

A.    <u>Preliminary Review of Petition</u>

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . ." Rule 4; <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990). The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.

B.      Lack of Habeas Jurisdiction

To the extent that Petitioner is seeking to file a petition for writ of habeas corpus, a preliminary screening of the petition reveals that the petition fails to present any cognizable grounds for relief or any facts in support.

The basic scope of habeas corpus is prescribed by statute. Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

To succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2). In addition to the above, Rule 2(c) of the Rules Governing Section 2254 Cases requires that the petition:

> (1) Specify all the grounds for relief available to the petitioner;
> (2) State the facts supporting each ground;
> (3) State the relief requested;
> (4) Be printed, typewritten, or legibly handwritten; and
> (5) Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Petitioner has failed to comply with Rule 2(c) by failing to specify any ground for relief or the facts supporting his claim. Rule 2(c) requires that each ground for relief be clearly stated, along with providing specific factual allegations that support the grounds for relief. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); United States v. Popoola, 881 F.2d 811, 812 (9th Cir. 1989). Additionally, Petitioner fails to state how the adjudication of his claim in state court resulted in a decision that was

contrary to, or an unreasonable application of, clearly established Supreme Court authority. Therefore, Petitioner fails to state a cognizable federal habeas claim and the petition must be dismissed.

### C.     Mandamus

Petitioner purports to proceed under the federal mandamus statute; however, under this provision the Court also lacks jurisdiction.

The All Writs Act, codified at 28 U.S.C. § 1651(a), provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."  The federal mandamus statute set forth at 28 U.S.C. § 1361 provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.

Mandamus relief is only available to compel an officer of the United States to perform a duty if (1) the petitioner's claim is clear and certain; (2) the duty of the officer "is ministerial and so plainly prescribed as to be free from doubt," Tagupa v. East-West Center, Inc., 642 F.2d 1127, 1129 (9th Cir.1981) (quoting Jarrett v. Resor, 426 F.2d 213, 216 (9th Cir.1970)); and (3) no other adequate remedy is available. Piledrivers' Local Union No. 2375 v. Smith, 695 F.2d 390, 392 (9th Cir.1982).

In his petition, Petitioner outlines the previous cases he has filed and discusses his disagreement with same. (Doc. 1 at 7-11.) Petitioner further describes why mandamus is the proper remedy in his case. (Doc. 1 at 12-13.) It is unclear what claims are presented in the instant petition. Furthermore, mandamus relief is not available because Respondent is not an officer, employee or agency of the United States. Title 28 U.S.C. § 1651(a) does not vest a federal district court with the power to compel performance of a state court, judicial officer, or another state official's duties under any circumstances. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984) (11th Amendment prohibits federal district court from ordering state officials to conform their conduct to state law). Thus, a petition for mandamus to compel a state official to take or refrain from some action is frivolous as a matter of law. Demos v. U.S. District Court, 925 F.2d 1160, 1161-72 (9th Cir.1991); Robinson v. California Bd. of Prison Terms, 997 F.Supp. 1303, 1308 (C.D.Cal.1998) (federal courts are without power to issue writs of mandamus to direct state agencies in the performance of their

duties); <u>Dunlap v. Corbin</u>, 532 F.Supp. 183, 187 (D.Ariz.1981) (plaintiff sought order from federal court directing state court to provide speedy trial), *aff'd without opinion*, 673 F.2d 1337 (9th Cir.1982). Accordingly, the Court lacks jurisdiction over this matter.

## ORDER

The Clerk of Court is DIRECTED to assign a District Judge to the case.

## RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS that the petition be dismissed for lack of jurisdiction.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty days after being served with a copy of this Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 5, 2020**          **/s/ Jennifer L. Thurston**
                                      UNITED STATES MAGISTRATE JUDGE