# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL FRIES,<br><br>        Petitioner,<br><br>  v.<br><br>SUPERIOR COURT OF KERN COUNTY, et al.,<br><br>        Respondents. | Case No. 1:20-cv-01517-AWI-JLT (HC)<br><br>ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 10) |

    Petitioner Michael Fries is a state prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. No. 1. On November 5, 2020, the magistrate judge assigned to the case issued Findings and Recommendation to dismiss the petition. Doc. No. 5. On November 12, 2020 and December 9, 2020, Petitioner filed objections to the Findings and Recommendation. Doc. Nos. 6, 7. The Court adopted the Findings and Recommendation on January 11, 2021. Doc. No. 8. Pending before the Court is Petitioner's motion for reconsideration, filed on January 28, 2021. Doc. No. 10.

    Federal Rule of Civil Procedure 60(b) governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . . ; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, in any event "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). Moreover, when filing a motion for reconsideration, Eastern District of California Local Rule 230(j) requires a party to show the

"new or different facts or circumstances [] claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Motions to reconsider are committed to the discretion of the trial court. Am. Ironworkers & Erectors, Inc. v. N.A. Constr. Corp., 248 F.3d 892, 899 (9th Cir. 2001).

The Court dismissed Petitioner's petition for mandamus relief because it lacked jurisdiction to compel a state official to take or refrain from taking some action. See Doc. No. 5 at 3–4. In his reconsideration motion, Petitioner asserts only that "[t]he issue is not one of detention but of conditions of confinement" and that he has a right to file a petition for writ of mandate in state court. Doc. No. 10 at 1. With nothing more, Petitioner fails to meet any of the grounds for granting a motion for reconsideration under Rule 60(b). Petitioner also has not met the requirement under Local Rule 230(j) to show "new or different facts or circumstances [] claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." In sum, the Court will deny Petitioner's motion.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner's motion for reconsideration (Doc. No. 10) is DENIED.

IT IS SO ORDERED.

Dated:   February 23, 2021                         _____
                                                    SENIOR DISTRICT JUDGE

2